**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

   v.                                            Civil No. 11-cv-362-LM

<u>$10,648.00 in United States</u>
<u>Currency seized from Karla Schulz,</u>
<u>Defendant in rem</u>

**O R D E R**

The United States of America, seeking civil forfeiture of $10,648.00 seized from the home of Karla Schulz, filed its "Amended Verified Complaint for Forfeiture In Rem for Property Within the United States' Possession, Custody or Control Pursuant to Supplemental Rule G" (doc. no. 4) (hereinafter "the Complaint") pursuant to 21 U.S.C. § 881. The government has now filed a "Motion to Strike Karla Schulz's Claim for Failure to File an Answer" (doc. no. 12) (hereinafter "Motion to Strike"), seeking to strike a document entitled "Motion for Claim and Answer to an Amended Complaint of Forfeiture In Rem" (doc. no. 10) (hereinafter "Motion for Claim and Answer"). For the reasons explained herein, the Motion to Strike is denied and Schulz is directed to file an amended answer, in accordance with Rule G(5)(b) of the Supplemental Rules for Admiralty or Maritime

Claims and Asset Forfeiture Actions (hereinafter "Supp. R." or "Supplemental Rules") and Fed. R. Civ. P. 8(b) and (c).

### Factual Background

In the Complaint, filed August 25, 2011, the United States alleges that on October 31, 2010, while conducting a search of Schulz's home pursuant to a search warrant, law enforcement officers found and seized cocaine, other drug-related items and paraphernalia, and $10,648.00 in cash.  Schulz was subsequently convicted of possession of cocaine and possession with the intent to distribute cocaine.  Schulz is presently incarcerated at the New Hampshire State Prison for Women.

### Procedural Background

The Complaint, notice of forfeiture complaint, and other documents relevant to this case were served on Schulz, as a potential claimant, on September 2, 2011.  See Affidavit of Service (doc. no. 6).  One of the documents served on Schulz, the "Amended Summons and Warrant of Arrest in Rem" (doc. no. 4-2), advised Schulz that to claim an interest or right in the defendant in rem (the $10,648.00 seized from her home), she must file a verified claim within thirty-five days after the date she was sent the notice of complaint, or within such additional time

as the court would allow, and that her answer to the Complaint had to be served within twenty-one days after the filing of her verified claim.

On October 5, 2011, Schulz, appearing pro se, filed a "Motion for Claim Hearing" (doc. no. 9), which set forth her claim to the money, stated that it was taken from her residence by the police department, and asserted that the money "was not from the distribution of cocaine." Schulz attached documentation to that filing which demonstrated that in April 2010, she received a check in the amount of $13,309.48, and in August 2010, she received a check in the amount of $1881.59, and that both checks were proceeds due to Schulz after the foreclosure sale of her home. The Motion for Claim Hearing was not verified.

Twelve days later, on October 17, 2011, Schulz filed the verified Motion for Claim and Answer. Referencing the documents filed with the Motion for Claim Hearing, Schulz claimed a property interest in the money, and sought to have it returned to her, reiterating that it was proceeds from a foreclosure sale of her home.

On May 3, 2012, the United States filed the instant Motion to Strike. In its motion, the government makes no reference at

all to Schulz's Motion for a Claim Hearing, identifies the Motion for Claim and Answer as Schulz's "claim," and states that Schulz never filed an answer to the Complaint.  The government argues that, pursuant to Supp. R. G(8)(c)(i), Schulz's claim should be stricken, as Schulz failed to file an answer, in violation of Supp. R. G(6).  See Supp. R. G(8)(c)(i) ("At any time before trial, the government may move to strike a claim or answer (A) for failing to comply with Rule G(5) or (6), or (B) because the claimant lacks standing.").  Schulz has not objected or otherwise responded to the Motion to Strike.

**Discussion**

I.   Procedure in a Civil Forfeiture Action

Supplemental Rule G sets forth the procedure to be followed where the government seeks civil forfeiture of real or other property pursuant to its statutory authority, see Supp. R. G(1), including forfeiture of money that is used, intended to be used, or obtained, in exchange for controlled substances, pursuant to 21 U.S.C. § 881(a)(6).[1]  Where Supp. R. G fails to address an

---

[1] 21 U.S.C. § 881(a)(6) provides that the government may seek to forfeit:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled

issue that arises in a forfeiture action, the court may apply Supp. R. C and E, and the Federal Rules of Civil Procedure. See Supp. R. G(1); see also United States v. One 1987 BMW 325, 985 F.2d 655, 659 (1st Cir. 1993) (First Circuit has "consistently looked to the Civil Rules to fill gaps in the Admiralty Rules").

Pursuant to Supplemental Rule G(5)(a), an individual served with a complaint and a notice of forfeiture, who intends to contest the forfeiture, must file a claim that: 1) identifies the property claimed; 2) identifies the claimant; 3) states the claimant's interest in the property; 4) is verified; 5) is served on the government; and 6) is timely filed. See Supp. R. G(5)(a). To be timely, the verified claim must be filed within the time stated in the government's notice, which in this case was thirty-five days after the government's September 6, 2011, service of the notice on Schulz. See Supp. R. G(5)(a)(ii)(A). The Supplemental Rules further require the putative claimant to file an answer to the complaint, or other responsive pleading, within twenty-one days after filing his or her claim. See Supp. R. G(5)(b). If a putative claimant fails to comply with Supp.

---

    substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

R. G(5) or otherwise lacks standing to assert an interest in the property, the government may move to strike a claim or answer. See Supp. R. G(8)(c).

II. Assertion of Claim

    A. Standing

To assert a claim to a defendant in rem in a forfeiture action, a claimant must establish standing by stating an actual case or controversy to satisfy Article III of the United States Constitution, as well as adherence to the procedural requirements outlined in Supp. R. G. See United States v. One-Sixth Share of Lottery Ticket No. M246233, 326 F.3d 36, 40 (1st Cir. 2003). The government has challenged Schulz's standing to assert a claim based on her alleged noncompliance with Supp. R. G(5)(b).[2] The government's argument rests on the presumption that Schulz has not satisfied Supp. R. G(5)(b)'s requirement that she file a timely answer to the Complaint.

    B. Claim

In her Motion for Claim Hearing, Schulz identified the claimant and the property claimed and asserted the basis of her

---

[2]The government has not challenged Schulz's Article III standing to assert a claim to the property, and the face of Schulz's pleadings demonstrate that Schulz has such standing.

6

interest in the property. Additionally, Schulz filed her Motion for Claim Hearing in this court within thirty-five days of the date she received service.[3] The Motion for Claim Hearing therefore substantially satisfied all of the requirements of filing a claim under Supp. R. G(5)(a), with the exception that the claim, though signed, was not verified. Schulz's Motion for Claim and Answer, however, filed twelve days after the Motion for Claim Hearing, was verified. The Motion for Claim and Answer contained, or referenced, all of the information in, and was filed within twenty-one days after the filing of, the Motion for Claim Hearing.

    In general, pro se pleadings, such as Schulz's, are construed liberally. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). With respect to asset forfeitures, the district court has discretion to waive the requirement of strict adherence to the Supplemental Rules, and may apply the rules liberally, where a claimant has attempted to act in good faith to file a timely claim. See United States v. One Dairy Farm, 918 F.2d 310, 312 (1st Cir. 1990). The First Circuit has

---

[3]Although the record does not reflect that Schulz served the Motion for Claim Hearing on the government, its filing in this court provided the government with notice of the filing.

7

elaborated on circumstances where that discretion is properly exercised:

> So that to the greatest extent possible controversies are decided on the merits, a district judge should exercise his discretion to grant additional time for the filing of a claim or treat an answer containing all the elements of a claim as a claim when the goals underlying the time restrictions and the verification of the claim are not thwarted. Those goals are to force claimants to come forward as soon as possible after forfeiture proceedings have begun and to prevent false claims.

United States v. One Urban Lot Located at 1 Street A-1, 885 F.2d 994, 1001 (1st Cir. 1989) (internal quotation marks, alterations, and citation omitted). Here, Schulz is proceeding pro se, and the goals underlying the time requirements in the Supplemental Rules have not been thwarted. Schulz promptly filed a document asserting a claim to the property -- the Motion for Claim Hearing -- and shortly thereafter filed her verified Motion for Claim and Answer, which contained all of the information required by Supp. R. G(5)(a) for a claim. The First Circuit has held that a claim that is timely filed, but deficient because it is not verified, may be cured by a late-filed, verified answer which contains all of the information required for the claim. See One Urban Lot, 885 F.2d at 999. Following that precedent and applying it to the analogous facts

here, this court construes the Motion for Claim Hearing to be a timely claim satisfying Supp. R. G(5)(a).

    C.    <u>Answer</u>

The government contends that Schulz failed to file an answer, arguing that the Motion for Claim and Answer fails to comply with the requirement of Fed. R. Civ. P. 8, in that it does not admit, deny, or concede lack of knowledge as to each allegation in the Complaint. The Supplemental Rules do not set forth what specific information must be contained in a pleading before the court can consider it to be an answer under Supp. R. G(5)(b). Accordingly, the court looks to Fed. R. Civ. P. 8(b) to determine the requirements for an adequate answer to a complaint.

The court finds that Schulz's filing does not comply with all of the requirements of Fed. R. Civ. P. 8. However, the court also finds that the filing constitutes Schulz's good-faith attempt to file an answer. Her intent is evidenced in part by the timing of the pleadings, the title she gave the document, and the language in the pleading requesting to be notified "if you require further information," indicating a sincere, if erroneous, belief that she had submitted what was required of her to assert her interest in the property.

Schulz is pro se and incarcerated, and while that does not excuse her from compliance with procedural rules, see Ruiz-Rivera v. Riley, 209 F.3d 24, 28 n.2 (1st Cir. 2000), it does obligate the court to construe her pleadings liberally. See Dutil, 550 F.3d at 158. Accordingly, the court finds that, liberally construed, the Motion for Claim and Answer is a timely-filed answer. See generally Fed. R. Civ. P. 8(e) (directing courts to construe pleadings "so as to do justice"); see also One Urban Lot, 885 F.2d at 1001 (favoring decisions on the merits in forfeiture cases).

III. Leave to Amend the Answer

The Supplemental Rules do not set forth any specific rule to guide the court in deciding whether to allow the amendment of pleadings filed in forfeiture actions. Fed. R. Civ. P. 15 governs "Amended and Supplemental Pleadings," and allows a party to amend a pleading prior to trial with the court's leave. See Fed. R. Civ. P. 15(a)(2). That rule instructs that "[t]he court should freely give leave when justice so requires." Id.

In support of its request to strike Schulz's claim, the government relies on an order in United States v. $230,963.88 in U.S. Currency, No. 00-378-B, 2000 WL 1745130, *1 (D.N.H. Nov. 16, 2000), in which the court denied the claimant's motion to

file a late claim and answer in a forfeiture action.  In that case, the court found that, while there was little danger of prejudice to the government if the claimant's motion for late filing were allowed, such allowance was not appropriate where claimant's attorney "made no attempt to preserve the rights of his client" and "[i]nstead . . . simply ignored the filing deadlines" imposed by the Supplemental Rules.  Id. at *3.  Further, the court expressed doubt as to whether the claimant's attorney's failure to make the requisite filings was an omission made in good faith.  See id.

This case is readily distinguishable from that case.  Schulz has made a good faith effort to assert a claim to the defendant in rem, and has filed a timely claim and answer, albeit an answer that fails to comply with Fed. R. Civ. P. 8.  These facts do not support a finding that Schulz failed to be vigilant in pursuit of her interest in the property.  Forfeiture is too harsh a sanction in this case for Schulz's procedural errors.

Schulz promptly asserted her interest, placed the government on notice as to the basis of her interest, and verified her claim.  The goals underlying Supp. R. G(5)'s requirements for a claim and answer, therefore, have not been

frustrated by any deficiencies in the form of the answer.  The court further finds that no prejudice to the government will accrue from allowing Schulz to amend her answer.  The government has been on notice since October 2011 of Schulz's claim and the basis thereof.  The fact that the government waited seven months after Schulz's last filing to file the Motion to Strike indicates that no urgency in the resolution of this matter exists that would be thwarted by allowing Schulz a reasonable amount of time to amend her answer.  Justice is best served by granting Schulz leave to amend her answer.

### Conclusion

For the foregoing reasons, the motion to strike (doc. no. 12) is denied.

Schulz is granted leave to file an amended answer, within twenty-one days of the date of this order.  The amended answer must comply with Fed. R. Civ. P. 8(b) and 8(c).  If Schulz fails to amend her answer as directed, or fails to file a motion seeking an extension of time to file the answer, the court may, upon motion of the government, deem admitted all of the facts asserted in the Complaint that are not specifically denied in

either the Motion for Claim Hearing or Motion for Claim and Answer, and deem waived any defenses not asserted in the answer.

SO ORDERED.

Landya McCafferty
United States Magistrate Judge

Date: August 31, 2012

cc: Robert J. Rabuck, Esq.
Karla Schulz, pro se

LBM:jba