UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


United States of America

    v.

Ten Thousand Six Hundred
Forty-Eight ($10,648.00)
dollars in United States
Currency, more or less,
seized from Karla Schulz

Civil No. 11-cv-362-LM
Opinion No. 2013 DNH 131 P


**O R D E R**

This is a forfeiture action in rem, brought by the United States of America, under Rule G of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions. Specifically, the United States seeks the forfeiture of $10,648 in United States currency that was seized from the residence of Karla Schulz by police officers executing a search warrant. Schulz has filed a claim for the currency. Before the court is the government's motion for summary judgment. Schulz has neither objected to the government's motion nor moved for summary judgment. For the reasons that follow, the government's motion for summary judgment is denied.

**Summary Judgment Standard**

"Summary judgment is warranted where 'there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law.'" McGair v. Am. Bankers Ins. Co. of Fla., 693 F.3d 94, 99 (1st Cir. 2012) (quoting Fed. R. Civ. P. 56(a); citing Rosciti v. Ins. Co. of Penn., 659 F.3d 92, 96 (1st Cir. 2011)). "The object of summary judgment is to 'pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required.'" Dávila v. Corporación de P.R. para la Diffusión Pública, 498 F.3d 9, 12 (1st Cir. 2007) (quoting Acosta v. Ames Dep't Stores, Inc., 386 F.3d 5, 7 (1st Cir. 2004)). "[T]he court's task is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Noonan v. Staples, Inc., 556 F.3d 20, 25 (1st Cir. 2009) (citations and internal quotation marks omitted).

## Background

The following facts are undisputed because each of them is either admitted in Schulz's verified answer, see Fed. R. Civ. P. 56(c)(1)(A), or deemed admitted because it is properly supported in plaintiff's unopposed motion for summary judgment, see LR 7.2(b)(2).

In May of 2009, Schulz was convicted of possession of heroin with intent to sell. In October of 2010, an officer of the Haverhill Police Department ("HPD") went to the residence Schulz shared with her son Logan to serve her with a Notice

2

Against Trespass and a Notice Against Harassment.  While serving the notices, the officer noticed several firearms.

Two days later, HPD officers returned to Schulz's home with a warrant to seize the firearms.  While executing the warrant, the officers noticed a lockbox that, in their view, was large enough to hold a handgun.  When the officers asked Schulz and her son to open the lockbox, they said it could not be opened because it was broken.  Schulz told them that the lockbox did not contain a handgun, but did contain cocaine and money.  The officers stopped their search and obtained a second search warrant, this one for drugs and drug paraphernalia.  As a result of their second search, the officers seized:

> One plastic bag containing 1.22 grams of cocaine, one plastic bag containing 6.63 grams of cocaine, one plastic bag containing 21.52 grams of cocaine, one plastic bag containing 27.70 grams of cocaine, all of which were located in a lockbox in Logan Schulz's bedroom; two digital scales; a multi colored glass pipe; a green pipe; a metal spoon with burnt residue; two white paring knives with residue; a paper clip, metal rod, glass cylinder, glass pipe, empty ziplock baggies, and scissors, all with residue; a box of zip lock bags; $1,190.00 in U.S. Currency, seized from Karla Schulz's bedroom; $1,015.00 in U.S. Currency, seized from Logan Schulz's bedroom; and $8,443.00 in U.S. Currency, seized from the lockbox in Logan Schulz's bedroom.

Am. Verfied Compl. (doc. no. 4) ¶ 5.

Based upon the evidence seized during the second search, Schulz was charged with, and convicted of, violating New

3

Hampshire Revised Statutes Annotated ("RSA") § 318-B:2 by: (1) possessing cocaine, see Pl.'s Mem. of Law, Ex. A (doc. no. 20-2), at 1, 2; and (2) possessing cocaine with the intent to distribute it, see id., at 5, 6.

The United States filed the instant action against all of the currency seized by HPD officers during the second search of Schulz's home. Specifically, the government seeks the forfeiture of

> [t]he defendant in rem, Ten Thousand Six Hundred Forty-Three ($10,648.00) [sic] dollars in United States Currency, more or less, seized from Karla Schulz, was furnished or intended to be furnished in exchange for a controlled substance, in violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq., or represents proceeds traceable to such exchanges, or money used or intended to be used to facilitate violations of the Act.

Am. Verified Compl. (doc. no. 4) ¶ 9. Neither in its complaint nor in its memorandum of law does the government distinguish between the currency that was found in the lockbox along with bags of cocaine and the currency that was found elsewhere in Schulz's home.

Schulz responded by filing a claim for the currency. In it, she asserts that "the money that was taken for evidence was not from the distribution of cocaine." Cl.'s Mot. for Claim Hr'g (doc. no. 9) 1. As proof of her claim, she attached photocopies of two checks she received as proceeds from a

4

foreclosure sale.  Those checks totaled $15,773.57.  In support of its motion for summary judgment, the government has produced bank records that tend to discredit Schulz's claim that the currency at issue came from the foreclosure sale.[1]

## Discussion

Federal law provides for the forfeiture of "[a]ll moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance . . ., all proceeds traceable to such an exchange, and all moneys . . . used or intended to be used to facilitate any violation of this subchapter [i.e., Title II of the federal Controlled Substances Act]."  21 U.S.C. § 881(a)(6).  In a forfeiture action such as this one, "the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture," 18 U.S.C. § 983(c)(1).  Moreover, "if the Government's theory of forfeiture is that the property was used to . . . facilitate the commission of a criminal offense . . . the Government shall establish that there was a substantial connection between the property and the offense," id. § 983(c)(3).

---

[1] Specifically, those records show that Schulz: (1) deposited the proceeds from the foreclosure sale into a checking account; (2) made relatively few other deposits into that account; and (3) very nearly depleted that account by writing checks for rent and other utilities.

5

Without specifying which of the three theories described in 21 U.S.C. § 881(a)(6) it is relying on, the government supports its motion for summary judgment by reciting the following purportedly undisputed facts:

> Ms. Schulz had a prior felony drug distribution conviction in 2009;[2] on the day that her home was searched, she told officers that they would find drugs and money in a safe in her son's room, which they did; she admitted that the cocaine in the safe was hers; other drug distribution evidence,[3] such as digital scales, and packaging materials, as well as drug paraphernalia, were found in the residence; she was convicted and received a prison sentence for the offense that is the predicate for forfeiture, i.e., possession with intent to distribute; she had a minimal income from selling Avon products; she did not file tax returns for 2010, the year the currency was seized; the $10,648.00 in cash was a significant sum of money for someone without regular employment and in financial difficulty (she had recently lost her home to foreclosure); finally, there is the inexplicable fact of Ms. Schulz keeping bulk currency in her home, rather than on deposit in her bank account.

Pl.'s Mem. of Law (doc. no. 20-1) 10-11. Given the government's failure to specify which of the § 881(a)(6) theories underlies this action, the court is left with no choice but to consider all three.

---

[2] The government has produced no evidence concerning Schulz's 2009 conviction; the statement in its memorandum of law is based exclusively upon Schulz's admission that she was convicted of "possession of heroin with intent to sell."

[3] The government asserts, without evidentiary support (such as affidavits from witnesses), that digital scales and ziplock bags are "drug distribution evidence."

A. Money Used to Facilitate a Drug Crime

Money is subject to forfeiture if the government can prove, by a preponderance of the evidence, that it was "used or intended to be used to facilitate any violation of [the federal Controlled Substances Act]," 21 U.S.C. § 881(a)(6); see also 18 U.S.C. § 983(c)(1).  In the context of forfeitures under 21 U.S.C. § 881, "[t]o facilitate the commission of a crime, the property must make the prohibited conduct less difficult or more or less free from obstruction or hindrance." United States v. 434 Main St., Tewksbury, Mass., ___ F. Supp. 2d ___, ___, 2013 WL 308981, at *18 (D. Mass. Jan. 24, 2013) (quoting United States v. Schifferli, 895 F.2d 987, 990 (4th Cir. 1990); citing United States v. 3639–2nd St. N.E., 869 F.2d 1093, 1096 (8th Cir. 1989); United States v. 3234 Wash. Ave. N., 480 F.3d 841 (8th Cir. 2007)) (internal quotation marks omitted).

Schulz's only drug-related convictions are for possession and possession with intent to distribute.  Those are the only drug-related offenses for which the government has produced any evidence.  Nowhere in its memorandum of law does the government identify any particular drug crime the currency seized by the police had facilitated, or was intended to facilitate.  Similarly, it does not explain how that currency made the unspecified crime less difficult and/or free from obstruction or

7

hindrance, see 434 Main St., 2013 WL 308981, at *18. Accordingly, as to a facilitation theory of forfeiture, the government is not entitled to summary judgment.

### B. Money for Drugs

Money is subject to forfeiture if the government can prove, by a preponderance of the evidence, that it was "furnished or intended to be furnished by any person in exchange for a controlled substance," 21 U.S.C. § 881(a)(6); see also 18 U.S.C. § 983(c)(1). Under the circumstances of this case, that statute would permit the forfeiture of: (1) money that Schulz intended to furnish in exchange for drugs; or (2) money that had been furnished to Schulz in exchange for drugs.

As noted, the government has not specified which of the three 21 U.S.C. § 881(a)(6) theories it is proceeding under so, necessarily, it has not specified which form of the "money for drugs" theory it may be invoking. The government has produced no evidence that Schulz intended to furnish the money seized from her home to someone else in exchange for drugs, much less evidence that would compel such a determination. That leaves the theory that some other person or persons furnished Schulz with the money at issue in exchange for drugs.

The government argues that in cases subject to the rules set forth in 18 U.S.C. § 983, "the [trial] Court will enter

8

summary judgment for the government on the forfeitability issue if the undisputed facts establish the requisite nexus between the property and the offense by a preponderance of the evidence." Pl.'s Mem. of Law (doc. no. 20-1) 9. The government, however, supports that proposition by citing two opinions that are inapposite.

In United States v. 6 Fox Street, the court of appeals affirmed a forfeiture of currency where the evidence against the claimant included "drug ledgers" that "contained balances for 75 accounts related to his drug business," 480 F.3d 38, 41 (1st Cir. 2007). Here, by contrast, while Schulz was convicted of possession with intent to distribute, the government has produced no evidence that she sold drugs. The government has produced evidence that Schulz: (1) had relatively little documented income; (2) offered an explanation for possessing the currency that does not hold water; and (3) possessed ziplock baggies and two digital scales. But, the government has produced no evidence that Schulz ever actually completed a drug sale. In United States v. $13,391 in United States Currency, the record included evidence that the claimant had sold crystal methamphetamine to an undercover police officer, see CV. No. 07-00339 DAE-BMK, 2010 WL 1507980, at *1 (D. Haw. Apr. 14, 2010).

9

Here, there is no such evidence linking Schulz to the sale of drugs.

In a recent opinion, the Court of Appeals for the Eleventh Circuit set out the relevant legal principles:

> As a result of the enactment of the Civil Asset Forfeiture Reform Act in 2000, the government must establish by a preponderance of the evidence that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1). We look at the "totality of the circumstances" when determining whether the government has satisfied this standard. See United States v. $121,100.00 in U.S. Currency, 999 F.2d 1503, 1507 (11th Cir. 1993). The government may use circumstantial evidence as well as evidence gathered after it filed the civil forfeiture complaint to meet its burden. United States v. $291,828.00 in U.S. Currency, 536 F.3d 1234, 1237 (11th Cir. 2008). However, the government is not required to produce evidence connecting the money to a particular narcotics transaction. United States v. $242,484.00, 389 F.3d 1149, 1160 (11th Cir. 2004) (en banc). It need only show that the money was "related to some illegal drug transaction." Id. We evaluate the evidence presented with "'a common sense view to the realities of normal life.'" Id. at 1160 (quoting United States v. Carrell, 252 F.3d 1193, 1201 (11th Cir. 2001)).

United States v. $183,791.00 in U.S. Currency, 391 F.App'x 791, 794 (11th Cir. 2010) (emphasis added).

While the government is correct in its argument that it need not show that the currency it seeks to forfeit is linked to any particular drug transaction, still, it must show that the money was "related to some illegal drug transaction." Id. (emphasis added). That, it seems, would require proof that at

10

some point before HPD officers seized the currency from Schulz's home, she had engaged in an illegal sale of drugs.

Schulz's conviction for possession of cocaine with intent to distribute establishes that she intended to sell drugs, but the government has produced no evidence that Schulz was ever able to successfully act upon her intention. That, in turn, would appear to be the product of one of the special circumstances of this case; rather than being the result of a drug investigation, the seizure from Schulz's home was the result of a chance find. Had Schulz been under investigation as a suspected drug dealer then, perhaps, the police might have developed sufficient evidence to connect the currency it seized from her home to drug sales. However, as the record stands, the court could only grant summary judgment to the government by drawing far too many inferences in favor of the moving party. See Markel Am. Ins. Co. v. Díaz-Santiago, 674 F.3d 21, 30 (1st Cir. 2011) ("In determining whether a genuine issue of material fact exists, [the court] construe[s] the evidence in the light most favorable to the non-moving party and make[s] all reasonable inferences in that party's favor.") (citing Flowers v. Fiore, 359 F.3d 24, 29 (1st Cir. 2004)) (emphasis added).

C. Proceeds

Finally, property is subject to forfeiture if the government can prove, by a preponderance of the evidence, that the property it seeks consists of proceeds traceable to an exchange of a controlled substance. See 21 U.S.C. § 881(a)(6); see also 18 U.S.C. § 983(c)(1). Just as the government has not produced sufficient evidence to prevail at summary judgment on a theory that the currency it seized from Schulz's home was money she received in exchange for drugs, the government has also failed to establish its entitlement to judgment as a matter of law on a theory that the currency it seized is proceeds traceable to a drug exchange.

## Conclusion

For the reasons detailed above, the government's motion for summary judgment, document no. 20, is denied.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

October 3, 2013

cc: Robert J. Rabuck, Esq.
    Karla Schulz, pro se